Farah Tabibkhoei (SBN 266312)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: 213.457.8000
Facsimile: 213.457.8080

Attorneys for Plaintiff
BMO Harris Bank N.A.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BMO HARRIS BANK N.A.;<br><br>Plaintiff,<br><br>vs.<br><br>CHARAN SINGH, an Individual;<br><br>Defendant. | Case No.: 1:16-cv-00482-DAD-SAB<br><br>**NOTICE OF ENTRY OF JUDGMENT** |

PLEASE TAKE NOTICE that the Court has entered a Judgment in this matter, a copy of which is attached hereto as "Exhibit A"

DATED: November 21, 2016.    REED SMITH LLP


By:  /s/ Farah Tabibkhoei
    Farah Tabibkhoei
    Attorneys for Plaintiff BMO
    Harris Bank N.A.

1

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BMO HARRIS BANK N.A.,<br><br>        Plaintiff,<br><br>    v.<br><br>CHARAN SINGH,<br><br>        Defendant. | No. 1:16-cv-00482-DAD-SAB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. Nos. 16, 21) |

      Plaintiff filed the complaint in this action on April 6, 2016. (Doc. No. 1.) On June 3, 2016, the Clerk of the Court entered default against the defendant. (Doc. No. 9.) On August 16, 2016, plaintiff filed an amended motion for entry of default judgment, which was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(19). (Doc. No. 16.)

      On October 4, 2016, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's amended motion for default judgment be granted in part. (Doc. No. 21 at 24.) The findings and recommendations contained notice that any objections thereto were to be filed within fourteen days (14) days from the date of service. (*Id.* at 26.) The period for filing objections has passed and no objections to the findings and recommendations have been filed.

/////

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly,

1) The findings and recommendations (Doc. No. 21) filed October 4, 2016, are adopted in full;

2) Plaintiff's amended motion for default judgment (Doc. No. 16) is granted in part and judgment is entered in favor of plaintiff and against defendant as follows:

   a) $684,673.43 in principal;

   b) $24,542.86 in pre-judgment interest; and

   c) $1,517.46 in late fees; and

   d) post-judgment interest as set forth in 28 U.S.C. § 1961(a), which shall accrue from the time of entry of judgment until the judgment is satisfied in full;

3) Plaintiff is awarded reasonable attorney fees and costs in the total amount of $5,956.50, which is made up of $5,556.50 in attorney fees and $400.00 in costs, to be paid by defendant;

4) The Clerk of the Court is directed to issue a writ of possession, to be provided by plaintiff, directing the levying officer to seize and immediately turn over to plaintiff or plaintiff's representative the Retained Collateral. The levying officer is directed to retain the tractors in custody until released or sold pursuant to California Civil Procedure Code § 514.030. The levying officer shall further comply with all applicable requirements of California Civil Procedure Code §§ 514.010–514.050;

5) Plaintiff has established that there is probable cause to believe the property is located at 3767 South Golden State Blvd, Fresno, California. *See* Cal. Code Civ. P. § 512.060(b). Accordingly, the levying officer is permitted to enter 3767 South Golden State Blvd, Fresno, California to effect the provisions of this order;

/////

/////

6) Defendant is directed to transfer possession of the Retained Collateral to plaintiff. Defendant is cautioned that failure to turn over possession of the tractors to plaintiff may subject defendant to being held in contempt of court;

7) Defendant is informed that he may prevent levy of the writ of possession or obtain redelivery of the Retained Collateral after levy of the writ of possession, if he files an undertaking pursuant to California Civil Procedure Code § 515.020 in the amount of $244,128.82;

8) Plaintiff's request to enjoin defendant from using the Retained Collateral or restricting access of plaintiff to the Retained Collateral as of the date of entry of the judgment and mandating that defendant disclose to plaintiff the precise location of the Retained Collateral and deliver the Retained Collateral to plaintiff is denied; and

9) The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: __November 17, 2016__          _____
                                       UNITED STATES DISTRICT JUDGE

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. I am employed in the office of a member of the bar of this court at whose direction the service was made. My business address is REED SMITH LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, California 90071-1514. On November 21, 2016, I served the following document(s) by the method indicated below:

***NOTICE OF ENTRY OF JUDGMENT (ECF NO. 22)***

☐ by transmitting via facsimile on this date from fax number +1 213 457 8080 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 PM and was reported complete and without error. The transmission report, which is attached to this proof of service, was properly issued by the transmitting fax machine. Service by fax was made by agreement of the parties, confirmed in writing.

☑ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by transmitting via email to the parties at the email addresses listed below:

Charan Singh
5290 West Donner Avenue
Fresno, CA 93722

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on November 21, 2016, at Los Angeles, California.

/s/ Gilda S. Anderson
Gilda S. Anderson

- 1 -     US_ACTIVE-127210549.1-GSANDERS